IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DEVIN MICHAEL TEW,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING THE UNITED STATES'S MOTION IN LIMINE<br><br><br>Case No. 2:24-cr-00075-JNP<br><br>Chief District Judge Jill N. Parrish |

The United States moves in limine for the court to admit certain documents—marked as the government's exhibits 48, 51, 54, 55, and 56—under Federal Rule of Evidence 902(14); ECF No. 100 ("U.S.'s Mot. in Limine"); ECF No. 101 ("U.S.'s Mem. in Support").

While the government failed to file these proposed exhibits, they are contained in a document attached to Defendant Devin Michael Tew's reply memorandum. ECF No. 111-1 ("Certificate of Authenticity & Exs.") at 38–63. ECF No. 121 ("U.S.'s Reply") at 1. This document contains two parts, which appear to have been attached together by the government: (1) a certificate of authenticity from Google LLC, which attests that files produced to the government are "true and correct" copies of records and includes "a list of hash values corresponding to each file" that can be used for verification; and (2) the government's proposed exhibits. Certificate of Authenticity & Exs at 4, 38–63. The government represents that its proposed exhibits are accurate copies of records that were stored by Google, associated with two different Google services accounts, "poppyseedwash.com and info@poppyseedwash.com." U.S.'s Mem. in Support at 2.

But nothing indicates that a records custodian or anyone affiliated with Google has directly reviewed the proposed exhibits and attested to their authenticity.

The court first addresses whether the proposed exhibits fall within the ambit of Federal Rule of Evidence 902 and thus "require no extrinsic evidence of authenticity in order to be admitted." FED. R. EVID. 902. Here, the government relies on Rule 902(14), which allows records to be "authenticated by a process of digital identification" that complies with additional requirements. FED. R. EVID. 902(14). The government suggests that that the conditions for Rule 902(14) are satisfied because the government provides a certificate of authenticity that includes hash marks that function as "digital fingerprint[s]," which can be used to verify that the government's exhibits precisely match the files produced by Google. U.S.'s Reply at 3. But as Tew notes, these hash marks offered by Google appear nowhere in the proposed exhibits themselves. *See* Def.'s Resp. at 1–2; ECF No. 111-2 ("Def.'s Investigation"). Instead, to verify the proposed exhibits, a third-party must compute the hash marks of the proposed exhibits using a standard cryptographic algorithm and compare them to the hash values provided by Google. U.S.'s Reply at 3–4. But while cryptographers may find this computation straightforward, the court does not.[1] Thus, given its lack of cryptographic expertise, the court cannot conclude that the proposed exhibits are digitally verified and, therefore, must deny the motion. However, the United States may seek leave to provide this additional information and demonstrate that these exhibits are in fact digitally verified and fall within the scope of Rule 902(14).[2]

---

[1] Apparently neither does defense counsel. *See* Def.'s Resp. at 1–2 (describing the efforts of an investigator to verify the proposed exhibits); Def.'s Investigation.

[2] For example, this additional information may take the form of a declaration submitted by an individual with appropriate cryptographic knowledge attesting that she has computed the hash

Independently, the proposed exhibits cannot be admitted at this juncture because the government has not provided sufficient evidence to establish their relevance.[3] *See* Def.'s Resp. 2–4 (raising this objection). The relevance of these exhibits depends on their connection to Tew, and the government has not yet provided any evidence to support a finding that such a connection existed. *See* FED. R. EVID. 104(b), 402. Of course, the government may be able to provide sufficient evidence at trial to establish relevance 38–63. *See* U.S.'s Reply at 4–6 (representing that it will). But until it does, admission is premature.

Accordingly, the United States's motion in limine is DENIED.

DATED April 20, 2026

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

values of the proposed exhibits, according to the appropriate algorithm, and found that these computed values correspond to what was provided in Google's certification.

[3] This is true for admission full stop, but the court retains discretion to conditionally admit evidence on the condition that sufficient proof to establish its relevance is introduced later. *See* FED. R. EVID. 104(b). In any event, because the United States makes no request for conditional admission, the court does not address it.